UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAVELLE MALONE, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:13-cv-00208-SEB-MJD |
| ) | |
| CRAIG HANKS, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion to Alter or Amend Judgment**

Judgment was entered on the clerk's docket in this action for habeas corpus relief on February 15, 2013. The entry of judgment was followed with the filing of Malone's motion for objection on March 5, 2013. The motion for objection was denied on April 17, 2013, and has in turn been followed with the petitioner's motion to alter or amend judgment. Applying the prison mailbox rule, the most recent motion to alter or amend judgment can be considered to have been filed on the date it was placed in the prison mail system for mailing, that being April 25, 2013.

The motion for objection was filed within 28 days from the entry of judgment on the clerk's docket and was therefore treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure.*

The most recent post-judgment motion purports to be brought pursuant to rule 59(e) and to be directed to the ruling of April 17, 2013. This is not permissible, however, because multiple Rule 59(e) motions are not permitted. *See Martinez v. City of Chicago*, 499 F.3d 721, 725 (7th Cir. 2007); *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006); *Borrero v. City of Chicago*, 456 F.3d 698, 700–01 (7th Cir. 2006). The most recent post-judgment motion, moreover, was filed more than 28 calendar days after the entry of judgment on the clerk's docket. It must therefore be treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)).

"'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" *Karraker v. Rent-A-Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir. 1997)). "A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757, 762 (7th Cir. 2001). Rule 60(b) provides, in pertinent part:

> The Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). The petitioner in this case has not shown either of these circumstances. At most, he has made a case for success on the merits of his first habeas action, docketed as No. 1:06-cv-1267-LJM-WTL, if that case had been timely filed. The petitioner acknowledges what may be termed his "writ history," but does not acknowledge that this successive habeas action was dismissed for lack of jurisdiction because of the gatekeeping barrier created by 28 U.S.C. § 2244(b).

Based on the foregoing, therefore, the motion to alter or amend judgment filed on April 29, 2013, is treated as a motion for relief from judgment and as so treated that motion [dkt 11] is **denied.**

**IT IS SO ORDERED.**

Date:  05/08/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Lavelle Malone
DOC #984073
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel